UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SHAWNDALE MICKENS,

      Petitioner,     12-CV-7953 (KMW)
            OPINION & ORDER
-against-

ROLAND LARKIN,
Superintendent, Eastern Correctional Facility

      Respondent.
----------------------------------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

  Petitioner Shawndale Mickens seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his incarceration as a violation of his constitutional rights. In a Report and Recommendation ("R&R"), Magistrate Judge James Cott recommends that the Court deny the writ. [ECF No. 16]. Upon de novo review, the Court adopts the R&R's recommendations and reasoning. Petitioner's writ is DENIED.

  However, one portion of Petitioner's briefing warrants additional discussion. The Court addresses this issue as a means of supplementing, rather than amending the R&R.

**I. PETITIONER'S SIXTH AMENDMENT ARGUMENT**

  Petitioner's writ of habeas corpus alleges, *inter alia*, that the state trial court violated his Sixth Amendment rights when it closed the courtroom during the testimony of an undercover officer. (Habeas Petition [ECF No. 2] at 6). Judge Cott viewed this closure as "partial," and, following Second Circuit precedent, correctly used a sliding scale approach[1] to assess whether

---

[1] The Second Circuit has described this sliding scale approach as follows: "a courtroom closure is permissible so long as there is a positive and proportional relationship between (1) the extent of the closure, and (2) the 'gravity' of the interest that assertedly justifies the closure." *Bowden v. Keane*, 237 F.3d 125, 129 (2d Cir. 2001).

that closure was constitutional under the Sixth Amendment.  Under this sliding scale approach, the trial court needed find only a "substantial reason" for the partial closure, rather than the more exacting "overriding interest" the Supreme Court required in *Waller v. Georgia*, 467 U.S. 39, 46 (1984).  *See United States v. Doe*, 63 F.3d 121, 129 (2d Cir. 1995) ("[W]e adopted the 'substantial reason' test out of concern that the 'overriding interest' standard required under *Waller* to justify total closure of a proceeding was too stringent when only partial closure of the proceeding was at issue.").  Judge Cott found this "substantial reason" standard readily met and held that the trial court did not violate Petitioner's Sixth Amendment rights.

Petitioner argues in his Objection to the R&R that the Supreme Court's decision in *Presley v. Georgia*, 558 U.S. 209 (2010), invalidates the Second Circuit's sliding scale approach.  According to Petitioner, *Presley* confirms that *Waller* requires the stricter "overriding interest" standard for all closures, whether partial or total.  (Pet.'s Obj. [ECF No. 17] at 1).

### A.  *Presley v. Georgia*

*Presley* concerned the closure of a Georgia courtroom during the *voir dire* portion of a criminal trial.  The petitioner was convicted at trial and subsequently sought a writ of habeas corpus, claiming that his Sixth Amendment rights were violated by the court's closure.  *Presley*, 558 U.S. at 210–12.  The Supreme Court agreed, holding that the trial court violated petitioner's Sixth Amendment rights by failing to consider alternatives to courtroom closure.  *Id.* at 215.  The Court's holding was based firmly in the third *Waller* factor—whether the trial court "consider[ed] reasonable alternatives to closing the hearing," *Waller*, 467 U.S. at 48.  *See Presley*, 558 U.S. at 214–15.

However, in dicta, the Court also discussed the first *Waller* factor—whether "the party seeking to close the hearing . . . advance[d] an overriding interest that is likely to be prejudiced,"

*Waller*, 467 U.S. at 48.  The Court noted that there was "some merit" to petitioner's claim that "the trial court erred because it did not even identify any overriding interest likely to be prejudiced absent the closure of *voir dire*." *Presley*, 558 U.S. at 215.  The Court went on to explain that if a "generic risk . . . unsubstantiated by any specific threat or incident . . . were sufficient to override a defendant's constitutional right to a public trial, a court could exclude the public from jury selection almost as a matter of course." *Id.*  In those instances where closure is appropriate "the particular interest, and threat to that interest, must be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Id.* (internal quotation marks omitted).

The Court concluded, however, by noting that it "need not rule on this second claim of error"—the one that concerned the first *Waller* prong—because "all [the] Court need[ed] to decide" was that the trial court failed to consider reasonable alternatives under the third prong of the *Waller* test. *Id.* at 216.

### B.  Analyzing *Presley*

Petitioner argues that the Second Circuit's sliding scale approach to the first prong of the *Waller* test is inconsonant with *Presley*. (Pet's Obj. 3–4).  According to Petitioner, *Presley*'s closure during *voir dire* could be characterized as "partial" just as easily as could the closure that occurred in the instant case, where it was limited to the testimony of a single witness.  (Pet's Obj. 4).  Yet at no point does the *Presley* Court characterize the *voir dire* closure as "partial," nor does the Court describe the showing required to prove the propriety of that closure as anything other than an "overriding interest."  The Court never suggests that the lesser "substantial reason" standard would be acceptable for justifying such closures.

3

Petitioner's argument is not without appeal.[2]  Although it is true that *Waller* itself dealt with a total closure, and therefore, it was not unreasonable for the Second Circuit to determine that, based on *Waller*, a less exacting standard is appropriate to justify less-than-total closures, *see Woods v. Kuhlmann*, 977 F.2d 74, 76 (2d Cir. 1992), it seems difficult to characterize the closure in *Presley*—concerning only the jury selection portion of the trial—as anything but partial.[3]  Yet the Supreme Court appears to have applied the same analysis to that partial closure as it did to the total closure in *Waller.*

### C. Petitioner's Argument Fails

Nonetheless, Petitioner's argument must fail.  However appealing Petitioner's argument might be in the context of a direct appeal, the question need not be answered here because the instant case is a petition for habeas corpus.  Pursuant to 28 U.S.C. § 2254, a habeas petition may be granted only if the challenged state court decision was "(1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

---

[2] Indeed, the Sixth Circuit has interpreted *Presley* as holding "that *Waller* applies equally to full and partial courtroom closures." *Drummond v. Houk*, 728 F.3d 520, 527 (6th Cir. 2013).  This would suggest that, at least in the Sixth Circuit, *Presley* requires courts to conclude that the sliding scale approach to courtroom closures is contrary to *Presley* and thus *Waller*.  However, the Supreme Court vacated *Drummond* and remanded in light of *White v. Woodall*, 134 S. Ct. 1697 (2014).  *Robinson v. Drummond*, 134 S. Ct. 1934 (2014).  *White v. Woodall* held that federal law is not "clearly established," in the habeas context, where habeas relief requires *extending* the Supreme Court's "governing legal principle" "to a context in which the principle should have controlled."  *See id.* at 1706 ("To the extent the unreasonable-refusal-to-extend rule differs from the one embraced in *Williams* and reiterated many times since, we reject it.").

[3] According to the Second Circuit, the factors used to determine whether a closure is partial include: "its duration; whether the public can learn (through transcripts, for example) what transpired while the trial was closed; whether the evidence presented during the courtroom closure was essential . . . ; and whether selected members of the public were barred from the courtroom, or whether all spectators were precluded." *Bowden*, 237 F.3d at 129–30.  Although in *Presley* it is unclear whether the public was able to learn, through transcripts or a similar device, about what transpired during *voir dire*, and it appears that all spectators were precluded, the courtroom was closed for a short duration—during only jury selection—and no evidence would have been disclosed during *voir dire* at all.

Petitioner alleges that the trial court's courtroom closure was contrary to clearly established federal law, as the Supreme Court stated it in *Presley*.  *See* (Pet.'s Memo. of Law [ECF No. 3] at 10–11).  But the portion of *Presley* that Petitioner relies on is not "clearly established Federal law."  *See Ortiz v. N.Y.S. Parole in Bronx, N.Y.*, 586 F.3d 149, 156 (2d Cir. 2009) (" [A] state court decision is contrary to existing Supreme Court precedent . . . when it applies a rule of law that contradicts the governing law set forth in the Supreme Court's cases . . . ." (internal quotation marks omitted)).  First, nowhere in *Presley* does the Supreme Court state that the Second Circuit's sliding scale approach to *Waller*'s first factor is improper.  At best, one would have to read *Presley* as implicitly suggesting that such an approach is inappropriate.  *Cf. White v. Woodall*, 134 S. Ct. 1697, 1706 (2014) ("'[I]f a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" (quoting *Yarborough v. Alvarado*, 541 U.S. 642, 666 (2004)).  Second, the *Presley* Court's entire discussion of *Waller*'s first factor was dicta.  *Presley*'s holding was based on the third *Waller* factor alone.  Therefore, it is not possible to read *Presley* as having clearly established that a sliding scale approach to the first prong of the *Waller* test is impermissible.  *See id.* at 1697 ("'[C]learly established Federal law' for purposes of § 2254(d)(1) includes only 'the holdings, as opposed to the dicta, of this Court's decisions.'" (quoting *Howes v. Fields*, 132 S. Ct. 1181, 1187 (2012)).

## II. CONCLUSION

For this reason, and those stated in Judge Cott's R&R, the Court DENIES Petitioner's writ of habeas corpus. A certificate of appealability will not issue because Petitioner failed to make a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253. The Clerk of Court is directed to close this case; all pending motions are moot.

SO ORDERED.

Dated: New York, New York
November 24, 2014

/s/

Kimba M. Wood
United States District Judge